IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THERESA WATKINS, ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-0260-M-BD |
| | § | |
| CORNELL COMPANIES, INC. | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Cornell Companies, Inc. has filed a motion to dismiss for want of prosecution the claims of 22 plaintiffs who have failed to answer written discovery because their attorney has lost contact with them. When plaintiffs failed to file a response to the motion, the court set a show cause hearing for December 16, 2011 at 11:00 a.m. The 22 plaintiffs and their attorney were ordered to attend the hearing in person, "then and there to show cause why they should not be sanctioned for failing to answer interrogatories and requests for production[.]" *See* Order, 12/5/11 at 1. Plaintiffs were warned that their failure to appear at the show cause hearing may result in additional sanctions, "including striking pleadings or parts thereof and dismissing [their] claims with or without prejudice." *Id.* at 2, *citing* FED. R. CIV. P. 16(f)(1) & 37(b)(2)(A). Although their attorney appeared at the hearing, the following plaintiffs did not:

  Alfredo Avila
  Jarrett Baker
  Misti Dial
  Judy Garcia
  Montae Keller, Sr.

        Dawn McGee
        Debra McNeely
        Amy L. Nobles
        Cynthia G. Robertson
        Anderson M. Roller
        Jessie Sheppard
        Penny J. Sims
        Montie Vellert, Sr.
        Tamara Wright

Counsel advised the court that he has lost contact with these plaintiffs. Accordingly, their claims should be dismissed with prejudice for want of prosecution.[1] *See Johnson v. Housing Auth. of Jefferson Parish*, No. 04-1128, 2008 WL 2325603 at *1 (E.D. La. Jun. 4, 2008) (dismissing with prejudice claims of four plaintiffs who failed to answer written discovery and lost contact with their attorney, finding that such conduct "indicates that [plaintiffs] have abandoned their claims and have no further interest in prosecuting their claims in this matter").

### RECOMMENDATION

Defendant's motion to dismiss [Doc. #7] should be granted in part. The claims of the 14 plaintiffs listed above should be dismissed with prejudice. Because there is no just reason for delay, the court should issue a final judgment of dismissal as to these plaintiffs pursuant to Rule 54(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place

---

[1] In a separate order filed today, the court declined to dismiss the claims of eight other plaintiffs who failed to answer written discovery. Two of the plaintiffs served discovery responses either prior to or at the show cause hearing. Six other plaintiffs were given until December 30, 2011 to serve their discovery responses.

in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 16, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE