IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THERESA WATKINS, ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-0260-M-BD |
| | § | |
| CORNELL COMPANIES, INC. | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Cornell Companies, Inc. has filed a second motion to dismiss for want of prosecution the claims of four additional plaintiffs in this case -- Dudley Asaff, Eric Wayne Cowman, Lauren K. Daggs, and Jessica Shepard.[1] According to defendant, these plaintiffs have violated numerous court orders, including an order requiring them to personally appear at a show cause hearing on December 16, 2011, and an order requiring them to answer written discovery by December 30, 2011, which shows a clear record of delay. Plaintiffs were warned that their failure to comply with these orders may result in the imposition of sanctions, including an order striking their pleadings or parts thereof and dismissing their claims with or without prejudice. (*See* Docs. #11 & 12). In view of this conduct, defendant contends that dismissal is warranted.

A show cause hearing was scheduled for January 20, 2012 at 9:00 a.m. Prior to the hearing, Lauren K. Daggs answered written discovery, and defendant withdrew its motion to dismiss as to that plaintiff. The parties also agreed that Dudley Asaff, Eric Wayne Cowman, and Jessica Shepard

---

[1] The court previously dismissed the claims of 14 other plaintiffs in this case. (*See* Docs. #16 & 17).

failed to answer written discovery or diligently prosecute this action, and that dismissal of their claims is warranted. A written notice memorializing this agreement was filed on January 19, 2012. (*See* Doc. #18).

## RECOMMENDATION

In accordance with the agreement of the parties, defendant's second motion to dismiss [Doc. #14] should be granted in part and denied in part. The claims of Dudley Asaff, Eric Wayne Cowman, and Jessica Shepard should be dismissed with prejudice. Because there is no just reason for delay, the court should issue a final judgment of dismissal as to these plaintiffs pursuant to Rule 54(b). Defendant's motion to dismiss should be denied with respect to the claims of Lauren K. Daggs.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 20, 2012.

DATED:  January 20, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE